PAMRAPAU CORPORATION, a corporation of New Jersey, complainant-respondent,

*v.*

CITY OF BAYONNE and THE CENTRAL DISTRICT, INC., a corporation, defendants-respondents.

Appeal of EDWIN L. WATTERS, from an order denying application for leave to intervene, &c., appellant.

[Argued May 27th, 1941.    Decided September 19th, 1941.]

*Mr. Edward A. Markley,* for the defendant-respondent City of Bayonne.

*Messrs. Gross & Gross,* for the complainant-respondent.

*Mr. Charles Rubenstein* and *Mr. John J. Fallon,* for the appellant.

The opinion of the court was delivered by

WOLFSKEIL, J.

Edwin L. Watters, as a taxpayer and resident of Bayonne, applied to the Court of Chancery for leave to intervene and

for a bill of review, to the end that the final decree in this suit might be vacated. The present appeal is from a ruling of the Court of Chancery denying the application.

The purpose of the appeal is declared to be the prevention of payment by Bayonne of large sums to complainant for property actually said to be owned by the city. It is further alleged that a former counsel for the city, together with one of its commissioners, fraudulently conspired to withhold from the subsequent city counsel facts pertinent and important for the city's defense. The city appears here in the capacity of denying the allegation directed against counsel and the commissioner, but does not oppose the request for opening and vacating the final decree. In the latter respect the city is confirming its former position, for the city also made its own application to open and set aside the decree, on virtually the same grounds, except for the charge of fraudulent withholding of facts by counsel and the commissioner, and the application of the city was refused.

The issues have been extensively and protractedly litigated. They were before this court twice before, and each time the conclusion reached was affirmed. See *126 N. J. Eq. 478; 126 N. J. Eq. 479; affirmed, 127 N. J. Eq. 340*. The facts were heretofore fully set forth and need not be reiterated.

The claim is made by Watters that new data is presented by him, not previously considered, and kept from introduction by the wrongful intent of the two city officials. The city disputes the imputation of bad faith, but agrees there was an omission in the presentation and that it occurred through oversight. We are persuaded there is no new matter. A reading of the testimony will show the subject now urged has already been given consideration and has been adjudicated. It is questionable whether at this stage there is warrant to delve further into the acts of the public officials in the case, for granting that wide latitude should be given towards inquiry into acts of municipal officials, there needs to be some line of demarcation between judicial intervention and responsibility directly to the electorate. It is not necessary, however, to determine this appeal on that phase. Nothing new is raised that has not already been conclusively determined.

And the record is barren of any support for the charge of wrongfully collusive conduct made against the two officials. The order of the Court of Chancery is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 15.

*For reversal*—None.